UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA GRAFF and SEAN NICKLAS,
As Next Friends of
ABIGAIL NICKLAS, a minor,                    Case No.
                                             Judge:
                Plaintiff,                   Magistrate Judge:

v.

CITY OF LINCOLN PARK                         Lower Court: Wayne County
and ANTHONY KUPSER                           Circuit No. 24-017-83-NO

        Defendants.

| | |
|---|---|
| LOUIS G. COREY (P34377) | AUDREY J. FORBUSH (P41744) |
| THE COREY LAW FIRM | Plunkett Cooney |
| Attorney for Plaintiff | Attorney for Defendants |
| 401 N. Main Street | Plaza One Financial Center |
| Royal Oak, MI 48067 | 111 E. Court Street- Suite 1B |
| (248) 548-9700 | Flint, MI 48502 |
| lou@coreylawfirm.com | (810) 342-7014 |
| | aforbsuh@plunkettcooney.com |

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1331

NOW COME Defendants, **City of Lincoln Park and Anthony Kupser,**

(collectively, "Genesee County Defendants"), by and through their undersigned

attorneys, and pursuant to 28 U.S.C. § 1331, 1441 and 1446, herewith files the

within Notice of Removal pursuant to said statutes for the following reasons:

1.    On November 20, 2024 Plaintiffs, Amanda Graff and Sean Nicklas,

as Next Friends of Abigail Nicklas, filed a Complaint against the City of Lincoln

60345754.1

Park Police Department in the Wayne County Circuit Court, State of Michigan, County of Wayne, which was assigned Case No. 24-017083-NO. (**Exhibit A**- Plaintiff's Complaint).

2.     On February 25, 2025, Plaintiffs, Amanda Graff and Sean Nicklas, as Next Friends of Abigail Nicklas, filed an Amended Complaint naming the City of Lincoln Park and Ofc. Anthony Kusper as Defendants in the Wayne County Circuit Court, State of Michigan, County of Wayne, which was assigned Case No. 24-017083-NO. (**Exhibit B**- Plaintiff's Amended Complaint).

3.     On February 27, 2025, Defendants, City of Lincoln Park and Anthony Kupser accepted service of the attached Amended Complaint.

4.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendants, City of Lincoln Park and Anthony Kupser in the State Court Action – the Amended Complaint and Jury Demand are attached hereto as **Exhibit B**.

5.     In their Amended Complaint, Plaintiffs allege violations of constitutional rights through 42 U.S.C. § 1983 against City of Lincoln Park and Anthony Kupser. (**Exhibit B**, Counts III and IV- Fourteenth Amendment).

6.     Defendants are seeking removal based upon a federal question arising from the allegations claimed in Plaintiff's Complaint.

60345754.1

7.     Given the federal questions presented, the District Court of the United States has original jurisdiction under 28 U.S.C. § 1331 and this action is properly removed under 28 U.S.C. § 1441(a).

8.     Additionally, this Court has supplemental jurisdiction over the remaining state law claims asserted by Plaintiff pursuant to 28 U.S.C. § 1367.

9.     The time for filing of this Removal under the statutes of the United States has not expired as this removal has been filed within thirty (30) days after Defendants accepted service of the Amended Complaint on February 27, 2025.  Therefore, the removal is made timely.

10.     Written notice of filing of this Removal has been given to all served parties as required by law, and is attached hereto as **Exhibit C**.

11.     A true and correct copy of this Removal is being filed with the Clerk of the Court for the Wayne County Circuit Court, County of Wayne, State of Michigan, as provided for by law (**Exhibit C**).

12.     Filed herewith and reference made hereto and made a part hereof, is a true and correct copy of pleadings served upon Defendants.

WHEREFORE, Defendants pray by their undersigned counsel, that removal of the within action be affected from the Wayne County Circuit Court, County of Wayne , State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.

3

60345754.1

Respectfully submitted,

 /s/ Audrey J. Forbush
Audrey J. Forbush (P41744)
PLUNKETT COONEY
Attorney for Defendants
111 E Court Street, Suite 1B
Flint, MI 48502
(810) 342-7014
Dated: February 27, 2025          aforbush@plunkettcooney.com

## CERTIFICATE OF SERVICE

I do hereby certify that on the 27th day of February, 2025, I filed the foregoing document and this Certificate of Service with the Clerk of the Court using the electronic court filing system, which will send notification of such filing to all Counsel of Record.

/s/Michelle A. Sheppard
MICHELLE A. SHEPPARD
PLUNKETT COONEY

4

60345754.1

# Exhibit A

1st Copy - Defendant          3rd Copy - Return

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 24-017083-NO Hon.John H. Gillis, Jr. |
|---|---|---|

Court telephone no.: 313-224-5243

| Plaintiff's name(s), address(es), and telephone no(s) Graff, as Next Friend, Amanda  et. Al | v | Defendant's name(s), address(es), and telephone no(s). City of Lincoln Park Police Department |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no Louis G. Corey 34377 401 N Main St Royal Oak, MI 48067-1812 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.          | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 11/20/2024 | Expiration date* 2/19/2025 | Court clerk Jacqueline Ruff |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)          SUMMONS          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



Document received by the MI Wayne 3rd Circuit Court.

Case No.: **24-017083-NO**

## PROOF OF SERVICE | SUMMONS

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons.  If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of  perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____ on _____
Attachments (if any)                                                                        Date and time

_____ on behalf of _____.

Signature
_____

Document received by the MI Wayne 3rd Circuit Court.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

AMANDA GRAFF and SEAN NICKLAS,
as Next Friends of
ABIGAIL NICKLAS, a minor

     Plaintiffs,

                            Case No.  24-      -NO

vs.
                            Hon.

CITY OF LINCOLN PARK
POLICE DEPARTMENT

     Defendant.

_____

LOUIS G. COREY (P34377)
Attorneys for Plaintiff
401 N Main Street
Royal Oak, MI 48067
(248) 548-9700 / (248) 548-9990 fax
lou@coreylawfirm.com

_____

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT AND DEMAND FOR JURY TRIAL

1

Document received by the MI Wayne 3rd Circuit Court.

Document received by the MI Wayne 3rd Circuit Court.

Plaintiffs, Amanda Graff and Sean Nicklas, as Next Friends of Abigail Nicklas, a minor, by and through her attorneys, THE COREY LAW FIRM, complains and states their cause of action against Defendant as follows:

## COMMON ALLEGATIONS

1.     Plaintiff, Amanda Graff, mother and Next Friend of Abigail Nicklas, a minor, resides, and/or at all times relevant to the instant action, resided in the City of Southgate, County of Wayne, State of Michigan.

2.     Plaintiff, Sean Nicklas, father and Next Friend of Abigail Nicklas, a minor, resides, and/or at all times relevant to the instant action, resided in the City of Trenton, County of Wayne, State of Michigan.

3.     Defendant, City of Lincoln Park Police Department, located in Wayne County, Michigan is a governmental agency, organizing and existing under Michigan law.

3.     The transaction and occurrence which is the subject of this Complaint occurred in Wayne County, Michigan.

4.     The amount in controversy exceeds $25,000.00, exclusive of interest, costs and attorneys' fees.

## COUNT I – STATUTORY CLAIM

Plaintiffs reallege and incorporate by reference every allegation stated above, as though fully stated below, and further alleges:

5.     Plaintiffs' minor, Abigail Nicklas, was an invitee upon Defendant's property at the City of Lincoln Park Police Department.

2

Document received by the MI Wayne 3rd Circuit Court.

Document received by the MI Wayne 3rd Circuit Court.

6.     At all material times, Defendant City of Lincoln Park Police Department was the owner, keeper, and/or possessor of a K9 dog named Vale located on its premises of 1427 Cleophus Parkway, Lincoln Park, Michigan.

7.     On January 31, 2024, Plaintiffs' minor, Abigail Nicklas, was at Defendant's business with her father, Co-Plaintiff Sean Nicklas, walking in front of her father when K9 Vale, who was left unaccompanied and unleashed in the building and not 'on duty' or in the line of duty, jumped up on Plaintiffs' minor daughter Abigail Nicklas' back and then proceeded to bite Plaintiffs' minor, without provocation, on her right leg and thigh.

8.     As a direct and proximate result of the dog bite described above, Plaintiff has sustained severe and permanent injuries that include, but are not limited to:

   a.     Bite and puncture wounds to the right leg and thigh;

   b.     Medical expenses and costs; past, present and future;

   c.     Physical pain and suffering; past, present and future;

   d.     Permanent scarring and disfigurement; past, present and future;

   e.     Emotional and psychological pain and suffering; past, present and future;

   f.     Fright and shock; past, present and future;

   g.     Denial of social pleasures and enjoyments; past, present and future;

   h.     Embarrassment, humiliation and/or mortification; past, present and future;

   i.     Other injuries and damages to be determined throughout the course of discovery.

9.     Defendant is liable to Plaintiffs, pursuant to **MCL 287.351**, as the owner, keeper, and/or possessor of the dog that attacked Plaintiff.

3

Document received by the MI Wayne 3rd Circuit Court.

Document received by the MI Wayne 3rd Circuit Court.

**WHEREFORE**, Plaintiffs, Amanda Graff and Sean Nicklas, Next Friends of Abigail Nicklas, a minor, requests that this court enter judgment against Defendant in an amount in excess of $25,000.00 that will fairly and adequately compensate Plaintiffs' minor for her injuries, together with costs, interest, and attorney fees.

## COUNT II – COMMON LAW NEGLIGENCE CLAIM

Plaintiffs reallege and incorporate by reference every allegation stated above, as though fully stated below, and further alleges:

10.    Defendant, as the owner, keeper, and/or possessor of a dog, owed a duty to Plaintiff and the public in general to control its dog so as to prevent reasonably foreseeable harm to others.

11.    At all times relevant herein, Defendant knew, or through the exercise of reasonable care, should have known, that its dog was vicious, violent, or prone to attack persons or property.

12.    By and through Defendant's negligence, Defendant's dog attacked and bit Plaintiff without provocation, causing the severe and permanent injuries that are outlined below.

13.    Defendant's negligence is a direct and proximate cause of the dog bite attack and Plaintiffs' minor Abigail Nicklas' resulting injuries, which include but are not limited to:

    a.    Bite and puncture wounds to the right leg and thigh;

    b.    Medical expenses and costs; past, present and future;

    c.    Physical pain and suffering; past, present and future;

    d.    Permanent scarring and disfigurement; past, present and future;

4

Document received by the MI Wayne 3rd Circuit Court.

Document received by the MI Wayne 3rd Circuit Court.

e.   Emotional and psychological pain and suffering; past, present and future;

f.   Fright and shock; past, present and future;

g.   Denial of social pleasures and enjoyments; past, present and future;

h.   Embarrassment, humiliation and/or mortification; past, present and future;

i.   Other injuries and damages to be determined throughout the course of discovery.

**WHEREFORE**, Plaintiffs, Amanda Graff and Sean Nicklas, Next Friends of Abigail Nicklas, a minor, requests that this court enter judgment against Defendant in an amount in excess of $25,000.00 that will fairly and adequately compensate Plaintiffs' minor for her injuries, together with costs, interest, and attorney fees.

## COUNT III – COMMON LAW STRICT LIABILITY CLAIM

Plaintiffs reallege and incorporate by reference every allegation stated above, as though fully stated below, and further alleges:

14.   As a direct and proximate result of the dog bite attack described above, Plaintiff has sustained severe and permanent injuries that include, but are not limited to:

a.   Bite and puncture wounds to the right leg and thigh;

b.   Medical expenses and costs; past, present and future;

c.   Physical pain and suffering; past, present and future;

d.   Permanent scarring and disfigurement; past, present and future;

e.   Emotional and psychological pain and suffering; past, present and future;

f.   Fright and shock; past, present and future;

g.   Denial of social pleasures and enjoyments; past, present and future;

5

Document received by the MI Wayne 3rd Circuit Court.

Document received by the MI Wayne 3rd Circuit Court.

h. Embarrassment, humiliation and/or mortification; past, present and future;

i. Other injuries and damages to be determined throughout the course of discovery.

15. Defendant is strictly liable to Plaintiffs' minor, Abigail Nicklas, under the common law, as the owners, keepers, and/or possessors of the dog that attacked Plaintiff.

**WHEREFORE**, Plaintiffs, Amanda Graff and Sean Nicklas, Next Friends of Abigail Nicklas, a minor, requests that this court enter judgment against Defendant in an amount in excess of $25,000.00 that will fairly and adequately compensate Plaintiffs' minor for her injuries, together with costs, interest, and attorney fees.

Respectfully Submitted,

THE COREY LAW FIRM

LOUIS G. COREY (P34377)
Attorney for Plaintiffs
401 N. Main Street
Royal Oak, MI 48067
(248) 548-9700

Dated: November 29, 2024

6

Document received by the MI Wayne 3rd Circuit Court.

Document received by the MI Wayne 3rd Circuit Court.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

AMANDA GRAFF and SEAN NICKLAS,
as Next Friends of
ABIGAIL NICKLAS, a minor

    Plaintiffs,

vs.

Case No. 24-    -NO

Hon.

CITY OF LINCOLN PARK
POLICE DEPARTMENT

    Defendant.

_____

LOUIS G. COREY (P34377)
Attorneys for Plaintiff
401 N Main Street
Royal Oak, MI 48067
(248) 548-9700 / (248) 548-9990 fax
lou@coreylawfirm.com

_____

## DEMAND FOR TRIAL BY JURY

    Plaintiffs, Amanda Graff and Sean Nicklas, as Next Friends of Abigail Nicklas, a minor, by and through her attorneys, THE COREY LAW FIRM, requests a trial by jury in the instant action.

                        Respectfully Submitted,

                        THE COREY LAW FIRM

                        LOUIS G. COREY (P34377)
                        Attorney for Plaintiffs
                        401 N. Main Street
                        Royal Oak, MI 48067
                        (248) 548-9700

Dated: November, 20 2024

Document received by the MI Wayne 3rd Circuit Court.

Document received by the MI Wayne 3rd Circuit Court.

Exhibit B

Carla Keefe   2/25/2025 4:43 PM   WAYNE COUNTY CLERK   Cathy M. Garrett   IN MY OFFICE   24-017083-NO FILED

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

AMANDA GRAFF and SEAN NICKLAS,
as Next Friends of
ABIGAIL NICKLAS, a minor

     Plaintiffs,

                                      Case No.   24-017083-NO

vs.

                                      Hon. John H. Gillis, Jr.

CITY OF LINCOLN PARK
 and ANTHONY KUPSER

     Defendants.

_____

LOUIS G. COREY (P34377)
THE COREY LAW FIRM
Attorneys for Plaintiff
401 N Main Street
Royal Oak, MI  48067
(248) 548-9700 / (248) 548-9990 fax
lou@coreylawfirm.com

_____

**PLAINTIFF'S AMENDED COMPLAINT**

     Plaintiffs, Amanda Graff and Sean Nicklas, as Next Friends of Abigail Nicklas, a minor, by and through her attorneys, THE COREY LAW FIRM, complain and state their cause of action against Defendants as follows:

**COMMON ALLEGATIONS**

     1.    Plaintiff, Amanda Graff, mother and Next Friend of Abigail Nicklas, a minor, resides, and/or at all times relevant to the instant action, resided in the City of Southgate, County of Wayne, State of Michigan.

     2.    Plaintiff, Sean Nicklas, father and Next Friend of Abigail Nicklas, a minor, resides, and/or at all times relevant to the instant action, resided in the City of Trenton,

County of Wayne, State of Michigan.

3.      Defendant, City of Lincoln Park, located in Wayne County, Michigan is a governmental agency, organized and existing under Michigan law.

4.      Defendant Anthony Kupser is an employee of Defendant City of Lincoln Park who, at the time of the events related in this First Amended Complaint, worked in Lincoln Park and acted under color of Michigan law.

5.      The transaction and occurrence which is the subject of this First Amended Complaint occurred in Wayne County, Michigan.

6.      The amount in controversy exceeds $25,000.00, exclusive of interest, costs and attorneys' fees.

## <u>COUNT I – STATUTORY CLAIM – CITY AND KUPSER</u>

Plaintiffs reallege and incorporate by reference every allegation stated above, as though fully stated below, and further allege:

7.      Plaintiffs' minor, Abigail Nicklas, was an invitee upon Defendant City of Lincoln Park's property at the City of Lincoln Park Police Department.

8.      At all material times, Defendants City of Lincoln Park and Anthony Kupser were the owners, keepers, and/or possessors or a K9 dog named Vale located on City of Lincoln Park premises of 1427 Cleophus Parkway, Lincoln Park, Michigan.

9.      On January 31, 2024, Plaintiffs' minor, Abigail Nicklas, was at Defendants' business with her father, Co-Plaintiff Sean Nicklas, and was walking in front of her father when. K9 Vale, who was left unaccompanied and unleashed in the building while not 'on duty' or in the line of duty, jumped on Plaintiffs' minor daughter Abigail Nicklas' back and then proceeded to bite Plaintiffs' minor, without provocation, on her right leg

2

and thigh.

10.    As a direct and proximate result of the dog bite described above, Plaintiff has sustained severe and permanent injuries that include, but are not limited to:

    a.  Bite and puncture wounds to the right leg and thigh;

    b.  Medical expenses and costs; past, present, and future;

    c.  Physical pain and suffering; past, present, and future;

    d.  Permanent scarring and disfigurement; past, present, and future;

    e.  Emotional and psychological pain and suffering; past, present, and future;

    f.  Fright and shock; past, present, and future;

    g.  Denial of social pleasures and enjoyments; past, present, and future;

    h.  Embarrassment, humiliation and/or mortification; past, present, and future;

    i.  Other injuries and damages to be determined throughout the course of discovery.

11.    Defendants are liable to Plaintiffs, pursuant to MCL 287.351, as the owners, keepers, and/or possessors of the dog that attacked Plaintiff.

**WHEREFORE**, Plaintiffs, Amanda Graff and Sean Nicklas, Next Friends of Abigail Nicklas, a minor, request that this court enter judgment against Defendants in an amount in excess of $25,000.00 that will fairly and adequately compensate Plaintiffs' minor for her injuries, together with costs, interest, and attorney fees.

## COUNT II – GROSS NEGLIGENCE CLAIM – DEFENDANT KUPSER

Plaintiffs reallege and incorporate by reference every allegation stated above, as though fully stated below, and further allege:

12.    Defendant Kupser, as the owner, keeper, and/or possessor of a dog,

owed a duty to Plaintiff and the public in general to control his dog so as to prevent reasonably foreseeable harm to others.

13.     At all times relevant herein, Defendant Kupser knew, or through the exercise of reasonable care, should have known, that Vale was vicious, violent, or prone to attack persons or property.

14.     Despite knowing that Vale had acted aggressively toward children in the past, Defendant Kupser did not confine the dog to a room, kennel, cage, or crate, but instead Defendant Kupser allowed Vale to approach Plaintiffs' minor without a leash, muzzle, or handler.

15.     By allowing Vale to attack Plaintiffs' minor, despite knowledge of the dog's aggressive nature, Defendant Kupser demonstrated gross negligence; that is, reckless conduct demonstrating a substantial lack of concern whether injury resulted.

16.     By and through Defendant Kupser's gross negligence, Defendants' dog attacked and bit Plaintiff without provocation, causing the severe and permanent injuries that are outlined below.

17.     Defendant Kupser's gross negligence was the direct and proximate cause of the dog bite attack and Plaintiffs' minor Abigail Nicklas' resulting injuries, which include but are not limited to:

    a.  Bite and puncture wounds to the right leg and thigh;

    b.  Medical expenses and costs; past, present, and future;

    c.  Physical pain and suffering; past, present, and future;

    d.  Permanent scarring and disfigurement; past, present, and future;

    e.  Emotional and psychological pain and suffering; past, present, and future;

4

      f.   Fright and shock; past, present, and future;

      g.   Denial of social pleasures and enjoyments; past, present, and future;

      h.   Embarrassment, humiliation and/or mortification; past, present, and future;

      i.   Other injuries and damages to be determined throughout the course of discovery.

**WHEREFORE,** Plaintiffs, Amanda Graff and Sean Nicklas, Next Friends of Abigail Nicklas, a minor, request that this court enter judgment against Defendant Kupser in an amount in excess of $25,000.00 that will fairly and adequately compensate Plaintiffs' minor for her injuries, together with costs, interest, and attorney fees.

## <u>COUNT III – 42 USC §1983 – DEFENDANT KUPSER</u>

Plaintiffs reallege and incorporate by reference every allegation stated above, as though fully stated below, and further allege:

18.    Abigail Nicklas, as a citizen of the United States, was provided by the Fourteenth Amendment to the United States Constitution with protection of her bodily safety and integrity, free from personal injury resulting from the conduct of governmental officials.

19.    Defendant Kusper was acting under color of state law at the time Vale bit Abigail Nicklas.

20.    Defendant Kusper, having knowledge of Vale's history of aggressiveness near children, was deliberately indifferent to the Fourteenth Amendment rights of Abigail in the following respects, without limitation:

      a.   By failing to train Vale not to attack children without provocation;

      b.   By leaving Vale unattended while Abigail Nicklas was present;

    c.  By failing to warn Abigail Nicklas or her father of Vale's aggressive tendencies;

    d.  By failing to confine Vale to a closed room, kennel, crate, cage, or other area away from Abigail Nicklas while Vale was not performing K9 duties;

    e.  By not keeping Vale on a leash so that the dog could not attack Abigail Nicklas;

    f.  By not keeping Vale muzzled while Abigail Nicklas was in the building.

21.  As a direct and proximate result of the dog bite attack described above, Plaintiff has sustained severe and permanent injuries that include, but are not limited to:

    a.  Bite and puncture wounds to the right leg and thigh;

    b.  Medical expenses and costs; past, present, and future;

    c.  Physical pain and suffering; past, present, and future;

    d.  Permanent scarring and disfigurement; past, present, and future;

    e.  Emotional and psychological pain and suffering; past, present, and future;

    f.  Fright and shock; past, present, and future;

    g.  Denial of social pleasures and enjoyments; past, present, and future;

    h.  Embarrassment, humiliation and/or mortification; past, present, and future;

    i.  Other injuries and damages to be determined throughout the course of discovery.

**WHEREFORE,** Plaintiffs, Amanda Graff and Sean Nicklas, Next Friends of Abigail Nicklas, a minor, request that this court enter judgment against Defendant Kupser in an amount in excess of $25,000.00 that will fairly and adequately compensate Plaintiffs' minor for her injuries, together with costs, interest, and attorney fees.

6

## <u>COUNT IV – 42 USC §1983 – CITY OF LINCOLN PARK</u>

Plaintiffs reallege and incorporate by reference every allegation stated above, as though fully stated below, and further allege:

22. Defendant City of Lincoln Park had a duty to respect, and not to violate, Abigail Nicklas' Fourteenth Amendment right to bodily safety and integrity.

23. In violation of that duty, the City of Lincoln Park was deliberately indifferent to, and violated, Abigail Nicklas' Fourteenth Amendment rights in the following respects, without limitation:

  a. By failing to properly train Vale;

  b. By continuing to retain Vale as a K9 member of the police force despite a history of unprovoked aggression;

  c. By allowing Vale to roam the facility without immediate human supervision instead of remaining in a room, kennel, crate, cage, or other confined area away from non-offending members of the public;

  d. By not requiring the use of a leash or muzzle when Vale was without immediate human supervision or was in contact with members of the public not engaged in criminal or suspicious behavior;

  e. By failing to properly train its police officers in the training and handling of K9 members of the public force;

  f. By failing to adopt appropriate policies regarding the use and training of K9 members of the police force and instead adopting customs, policies and procedures reflecting deliberate indifference to the Fourteenth Amendment rights of non-offending members of the public.

7

24.     As a direct and proximate result of the dog bite attack described above, Plaintiff has sustained severe and permanent injuries that include, but are not limited to:

    a.  Bite and puncture wounds to the right leg and thigh;

    b.  Medical expenses and costs; past, present, and future;

    c.  Physical pain and suffering; past, present, and future;

    d.  Permanent scarring and disfigurement; past, present, and future;

    e.  Emotional and psychological pain and suffering; past, present, and future;

    f.  Fright and shock; past, present, and future;

    g.  Denial of social pleasures and enjoyments; past, present, and future;

    h.  Embarrassment, humiliation and/or mortification; past, present, and future;

    i.  Other injuries and damages to be determined throughout the course of discovery.

**WHEREFORE,** Plaintiffs, Amanda Graff and Sean Nicklas, Next Friends of Abigail Nicklas, a minor, request that this court enter judgment against Defendant in an amount in excess of $25,000.00 that will fairly and adequately compensate Plaintiffs' minor for her injuries, together with costs, interest, and attorney fees.

Respectfully Submitted,

THE COREY LAW FIRM


   /s/ Louis G. Corey
LOUIS G. COREY (P34377)
Attorney for Plaintiffs
401 N. Main Street
Royal Oak, MI 48067
248-548-9700

Dated: February 19, 2025

8

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

AMANDA GRAFF and SEAN NICKLAS,
as Next Friends of
ABIGAIL NICKLAS, a minor

       Plaintiffs,

                              Case No.   24-017083-NO

vs.

                              Hon. John H. Gillis, Jr.

CITY OF LINCOLN PARK
 and ANTHONY KUPSER

       Defendants.
_____

LOUIS G. COREY (P34377)
THE COREY LAW FIRM
Attorneys for Plaintiff
401 N Main Street
Royal Oak, MI  48067
(248) 548-9700 / (248) 548-9990 fax
lou@coreylawfirm.com
_____

### DEMAND FOR TRIAL BY JURY

       Plaintiffs, Amanda Graff and Sean Nicklas, as Next Friends of Abigail Nicklas, a minor, by and through her attorneys, THE COREY LAW FIRM, requests a trial by jury in the instant action.

                              Respectfully Submitted,

                              THE COREY LAW FIRM

                               /s/ Louis G. Corey
                              LOUIS G. COREY (P34377)
                              Attorney for Plaintiffs
                              401 N. Main Street
                              Royal Oak, MI 48067
Dated: February 19, 2025          248-548-9700

9

Exhibit C

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

AMANDA GRAFF and SEAN NICKLAS,
As Next Friends of
ABIGAIL NICKLAS, a minor,

        Plaintiff,                     Case No. 24-017083-NO

v                                    Hon. John H. Gillis, Jr.

CITY OF LINCOLN PARK
and ANTHONY KUPSER,

        Defendant.

---

| | |
|---|---|
| LOUIS G. COREY (P34377) | AUDREY J. FORBUSH  (P41744) |
| THE COREY LAW FIRM | Plunkett Cooney |
| Attorney for Plaintiff | Attorney for Defendants |
| 401 N. Main Street | Plaza One Financial Center |
| Royal Oak, MI 48067 | 111 E. Court Street – Suite 1B |
| (248) 548-9700 | Flint, MI  48502 |
| lou@coreylawfirm.com | (810) 342-7014/(810) 232-3159-FAX |
| | aforbush@plunkettcooney.com |

---

### **NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT**

      PLEASE TAKE NOTICE THAT Defendants, **City of Lincoln Park and Anthony Kupser,**

have, this day, filed their Notice of Removal, a copy of which is attached as **Exhibit A**, in the offices

of the Clerk of the United States District Court, Eastern District of Michigan, Southern Division, at

Theodore Levin United States

                                  Respectfully submitted,

                                  */s/ Audrey J. Forbush*
                                  Audrey J. Forbush (P41744)
                                  PLUNKETT COONEY
                                  Attorney for Defendants
                                  111 E Court Street, Suite 1B
                                  Flint, MI 48502
                                  (810) 342-7014/(810) 232-3159-FAX
Dated: February 27, 2025                 aforbush@plunkettcooney.com

60346654.1

**PROOF OF SERVICE**

The undersigned certifies that on February 27, 2025 a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

☐ Hand delivery      ☐ Overnight mail
☐ U.S. Mail          ☐ Facsimile
☐ Email            ☒ Electronic e-file

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

_____/s/Michelle Sheppard_____
Michelle Sheppard

60346654.1